UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHNNY RAY JOHNS                         CIVIL ACTION NO. 11-cv-1629

VERSUS                                   JUDGE STAGG

CITY OF SHREVEPORT, ET AL                MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Johnny Ray Johns ("Plaintiff") filed this civil action in state court against the City of Shreveport and Cpl. Andre Wilson of the Shreveport Police Department. Defendants removed the case based on the presence of federal claims. They then filed a Motion to Dismiss (Doc. 5) that attacked the adequacy of the allegations. The motion was noticed for briefing, and opposition was due by October 11, 2011. More than two weeks has passed since that deadline, and no opposition has been filed. For the reasons that follow, it is recommended that the Motion to Dismiss be granted.

**The Allegations**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Plaintiff, on a Sunday in September 2010, "was trying to retrieve his personal vehicle from his wife from whom [he] was getting a divorce." Petition, ¶ 5. Plaintiff's wife

called the Shreveport Police Department, and Cpl. Wilson arrived and asked Plaintiff "what was going on." ¶¶ 6-7.

Plaintiff told Wilson he was "getting a divorce from his wife and that he wanted his keys to his car." ¶ 8. Plaintiff insisted the car was his separate property because it was his before the marriage. Cpl. Wilson said "that he did not know what the marriage contract was." ¶¶ 9-12. Plaintiff replied that there was no marriage contract, he wanted his car, and his wife was not taking his car. ¶ 13. Cpl. Wilson said that the wife "was getting the car." ¶ 14.

Plaintiff asked Cpl. Wilson for the keys to his car. Wilson said, for the second time during the encounter, that Plaintiff looked as if he wanted to "do something." ¶¶ 10 and 16. Plaintiff said he just wanted his keys and that his wife was not going to get his car. ¶ 17. "Cpl. Wilson said oh yes she is going to get this car and told Mr. Johns to go down to the police station and file a complaint." ¶ 18. Petitioner characterizes these actions as amounting to a wrongful seizure, and he seeks related property and mental injuries.

**Analysis**

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" <u>Cuvillier v. Taylor</u>, 503 F.3d 397, 401 (5th Cir. 2007), quoting <u>Bell</u>

Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Cpl. Wilson argues that the complaint does not satisfy these requirements. He also invokes qualified immunity.

An individual defendant such as Cpl. Wilson is entitled to qualified immunity from claims for money damages unless the facts alleged, taken in a light most favorable to the Plaintiff, show that the defendant's conduct violated a constitutional right that was clearly established at the time of the violation. See Saucier v. Katz, 121 S.Ct. 2151 (2001). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002)(en banc). In a Rule 12(b)(6) contest, that means the Plaintiff must point to portions of his complaint "that state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994).

Plaintiff did not respond by pointing to facts in his petition that depicted Cpl. Wilson engaging in conduct that violated a clearly established constitutional right. Wilson was confronted that Sunday with a married couple in disagreement as to which of them had the right to possess an automobile. There is no allegation that Plaintiff presented Wilson with a title to the car, a domestic court order, or any other indicia of ownership, and the petition implies that both the car and the keys to it were in the possession of his wife. Plaintiff has not established that the Constitution commands an officer to immediately take the keys from the wife and deliver the car into the possession of the complaining husband under these

circumstances. Plaintiff has also not pointed to any legal authorities that would recognize a tort or similar claim under Louisiana law given the alleged facts. Accordingly, Cpl. Wilson is entitled to dismissal of all claims against him.

The petition's only allegation against the City is that it is liable for the actions of Cpl. Wilson to the extent he was acting in his capacity as an agent or employee of the City, in accordance with theories of agency, respondeat superior, and vicarious liability for claims arising under state law. Petition, ¶ 27. Plaintiff has not overcome his Twombly burden of making out a viable state law claim against Wilson, so there is no grounds for the imposition of vicarious liability. The City is also entitled to dismissal.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 5)** be **granted** and that all claims against Andre Wilson and the City of Shreveport be **dismissed with prejudice** for failure to state a claim upon which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of October, 2011.

                                          MARK L. HORNSBY
                              UNITED STATES MAGISTRATE JUDGE