RECEIVED
NOV 17 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHNNY RAY JOHNS | CIVIL ACTION NO. 11-cv-1629 |
| versus | JUDGE STAGG |
| CITY OF SHREVEPORT, ET AL | MAGISTRATE JUDGE HORNSBY |

## JUDGMENT

In written objections to the Report and Recommendation of the Magistrate Judge previously filed herein, Johnny Ray Johns ("Johns") asserts that he has pointed to legal authority which entitles him to relief under Louisiana law given the alleged facts and that defendant, Corporal Andre Wilson ("Cpl. Wilson"), is not required to consciously engage in any type of wrongdoing for Johns to succeed in his conversion claim. He cites Louisiana case law in an attempt to support his claim of conversion. Conversion is any wrongful exercise of authority over another's property which deprives that individual of possession permanently or for an indefinite time. See Ducote v. City of Alexandria, 677 So. 2d 1118, 1122 (La. App. 3d Cir. 1996). The plaintiff is not required to prove that the defendant consciously engaged in wrongdoing. See id. Johns argues that Cpl. Wilson cannot defend his actions by claiming that Johns did not produce any indicia of ownership of the vehicle. However, Johns's factual allegations, even when taken as true, do not indicate that

Cpl. Wilson ever exercised dominion and control over the vehicle. The court has "found no authority for law enforcement to make civil judicial determinations regarding ownership or possessory rights of property." Id. at 1121. If Cpl. Wilson had complied with Johns's request, then he would have been making a judicial determination of a civil matter which is beyond his authority. Making such a determination may constitute conversion in some cases. See id. at 1122 (officer was liable for conversion when he made a judicial determination of who owned the vehicle and took possession from the rightful owner). The court also finds that Johns's factual allegations do not entitle him to relief for his claims of intentional infliction of emotional distress, negligence, gross negligence, or any intentional torts.

For these reasons and those assigned in the Report and Recommendation of the Magistrate Judge previously filed herein[1], and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 5)** is **granted** and that all claims against Cpl. Andre Wilson and the City of Shreveport are **dismissed with prejudice** for failure to state a claim upon which relief may be granted.

---

[1] Johns did not file an opposition while the motion to dismiss was pending before the magistrate judge.

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 17th day of November, 2011.

TOM STAGG
UNITED STATES DISTRICT JUDGE